| | |
|---|---|
| TOWER INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> PIMA LANSING, LLC, CAROL TERRELL (INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF ATC, A MINOR), THEODIS TOLBERT (INDIVIDUALLY AND AS FATHER AND NEXT FRIEND OF TT AND ET, MINORS) MAURICE THOMAS; AND ERMETRA THOMAS, <br><br> Defendants. | No. 1:14-CV-02271 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tower Insurance Company of New York ("Tower") has filed a complaint against its insured, defendant Pima Lansing, LLC ("Pima"), seeking a declaration that it has no duty to defend or indemnify Pima in connection with a state court complaint filed by residents of an apartment complex that Pima owned and operated. *See Terrell v. Pima Lansing, LLC*, No. 2014 L 000803 (Ill. Cir. Ct. 2014);[1] *see also* R 1-1 at 9. Tower and Pima dispute whether an exclusion in the

---

[1] The plaintiffs in the underlying suit, sued as parties in interest in this case, are: Carol Terrell (individually and as mother and next friend of ATC, a minor), Theodis Tolbert (as father and next friend of TT and ET, minors), Maurice Thomas, and Ermetra Thomas. R. 42-1 at 1. Tower personally served Terrell (individually and as ATC's representative) and Tolbert (individually and as TT's and ET's

parties' policy for losses attributable to "fungi" and "bacteria" applies to the plaintiffs' claims in the underlying suit. Tower's and Pima's cross-motions for summary judgment are currently before the Court. For the following reasons, the Court grants Tower's motion and denies Pima's motion.

## BACKGROUND

Tower issued insurance Policy No. CPP 1300186-13 to Pima, a property management company, effective May 1, 2013 to May 1, 2014 ("the Policy"). R. 42-2. Among other things, the Policy covers "Bodily Injury and Property Damage Liability" ("Coverage A") and "Personal and Advertising Injury Liability" ("Coverage B"). *Id.* at 97, 102. Both Coverage A and Coverage B contain the following coverage exclusion for bodily injury and property damage caused by fungi and bacteria:

> [t]his insurance does not apply to bodily injury or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

R. 42-2 at 121. The Policy defines "fungi" as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." *Id.* It does not define "bacteria."

---

representative). *See* R. 5-9. It served Maurice and Ermetra Thomas by publication. *See* R. 21. None of these defendants has filed an appearance in this case.

On January 24, 2014, three families who rented property from Pima sued Pima in the Circuit Court of Cook County. *See* R. 42-1 ("Complaint at Law") at 1; *see also id.* at ¶¶ 3-5. The plaintiffs' complaint asserts claims for negligence and nuisance based upon Pima's alleged failure to maintain the property in a "fit and habitable condition." *Id.* at ¶ 12. Specifically, the plaintiffs claim that they were injured by "constant exposure" to "mold, mildew, fungi and other microorganisms and/or toxic airborne pathogens." *See, e.g., id.* at ¶¶ 9, 11(h) ("Count I – Negligence – Terrell Family"); *id.* at ¶ 5 ("Count II – Nuisance – Terrell Family").[2] Tower and Pima have filed cross-motions for summary judgment addressing whether the Policy's fungi/bacteria exclusion applies to the underlying complaint.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013).

---

[2] The other families' allegations are identical.

Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

"Illinois courts determine an insurer's duty to defend by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy." *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). Insurance policies are governed by the general rules applicable to other types of contracts. *See Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013) ("Under Illinois law, '[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies.'" (quoting *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 564 (Ill. 2005))). As such, "Illinois courts interpret the policy 'as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose.'" *Id.* (quoting *Cent. Ill. Light Co. v. Home Ins. Co.*, 821 N.E.2d 206, 213 (Ill. 2005)). An insurer may refuse to defend its insured only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or *potentially* within, the coverage of the policy." *Health Care Indus.*, 566 F.3d at 694 (emphasis added). Because the duty to defend is broader than the duty to indemnify, a finding that the insurer has no duty to defend "necessarily precludes a finding of a duty to indemnify." *Id.* at 693.

Pima argues that the underlying complaint is potentially within the scope of the Policy's coverage because the plaintiffs' injuries may have been caused by "other microorganisms and/or toxic airborne pathogens," whereas the exclusion only applies to 'fungi" (including mold and mildew) and "bacteria." R. 58 at 5. The Court disagrees. First, the Policy term "bacteria" would appear to encompass "other microorganisms" and "toxic airborne pathogens." Merriam-Webster defines "bacterium," the singular form of "bacteria," as follows:

> any of a domain (Bacteria) of prokaryotic round, spiral, or rod-shaped single-celled *microorganisms* that may lack cell walls or are gram-positive or gram-negative if they have cell walls, that are often aggregated into colonies or motile by means of flagella, that typically live in soil, water, organic matter, or the bodies of plants and animals, that are usually autotrophic, saprophytic, or parasitic in nutrition, and that are noted for their biochemical effects and *pathogenicity*.

Merriam-Webster Dictionary Online, *available at* http://www.merriam-webster.com/bacterium (last visited June 15, 2015) (emphasis added).

Second, the Policy does not apply to bodily injuries and property damage caused by exposure to fungi and bacteria, "regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage." *See* R. 42-2 at 121. The underlying complaint consistently uses the conjunctive "and" when describing the alleged causes of plaintiffs' injuries: "mold, mildew, fungi *and* other microorganisms and/or toxic airborne pathogens." *See, e.g.*, R. 42-2 ¶ 9 ("Count I – Negligence – Terrell Family"). That is, the plaintiffs allege that they were injured by *all* of the following: mold, mildew, and fungi. They allege that they were *also* injured by one or both of "other microorganisms and/or

5

toxic airborne pathogens." The exclusion applies because the plaintiffs allege that they were injured by mold, mildew, and fungi, regardless of whether "other microorganisms" and "airborne pathogens" contributed their injuries. *See* R. 42-2 at 121. It is "clear from the face of the underlying complaint" that it does not allege facts potentially within the Policy's coverage. *Health Care Indus.,* 566 F.3d at 694. Thus, Tower has no duty to defend Pima in the underlying suit, and therefore no duty to indemnify Pima for any losses it may suffer in connection with that suit. *See id.* at 693.

## CONCLUSION

For the foregoing reasons, the Court grants Tower's motion for summary judgment, R. 46, and denies Pima's motion for summary judgment, R. 44.


ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: June 16, 2015